Case 1:21-cv-04040-ELR   Document 1-1   Filed 09/30/21   Page 1 of 10

E-FILED IN OFFICE - EP
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA

**21-C-06415-S2**
**8/30/2021 1:51 PM**
**TIANA P. GARNER, CLERK**

### IN THE STATE COURT OF GWINNETT COUNTY
### STATE OF GEORGIA

| | |
|---|---|
| VANDRICK PAYNE,<br><br>Plaintiff,<br><br>vs.<br><br>W A TRANSPORT, LLC, WHITE TIGER TRANSPORT, LLC, NATIONAL INDEMNITY COMPANY, CANAL INSURANCE COMPANY, and ARSHAD MIZO,<br><br>Defendants. | CIVIL ACTION FILE NUMBER<br><br>**21-C-06415-S2** |

### COMPLAINT AND DEMAND FOR TRIAL BY JURY

**COMES NOW**, Plaintiff, **VANDRICK PAYNE**, and files his Complaint and Demand for Trial by Jury in this renewal action against **W A TRANSPORT, LLC, WHITE TIGER TRANSPORT, LLC, NATIONAL INDEMNITY COMPANY, CANAL INSURANCE COMPANY, and ARSHAD MIZO**, and shows pursuant to O.C.G.A. § 9-2-61 that this case arises as a refiled case, originally styled **VANDRICK PAYNE vs. W A TRANSPORT, LLC, WHITE TIGER TRANSPORT, LLC, NATIONAL INDEMNITY COMPANY, CANAL INSURANCE COMPANY, and ARSHAD MIZO**, State Court of Gwinnett County, Georgia, Civil Action File No.: 19-C-03588-S4, and of which, pursuant to O.C.G.A. § 24-2-201, this Honorable Court may take judicial notice of its records.  The original action was a valid and not void suit.  The original action was not dismissed on its merits.  The original action was voluntarily dismissed without prejudice by Plaintiff on July 8, 2021.  There are no costs due or owed in the original action.  This renewal action arises out of the same transaction or occurrence as **VANDRICK PAYNE vs. W A TRANSPORT, LLC, WHITE TIGER TRANSPORT, LLC, NATIONAL INDEMNITY COMPANY, CANAL INSURANCE COMPANY, and ARSHAD**

### EXHIBIT A

Copy from re:SearchGA

**MIZO**, State Court of Fulton County, Georgia, Civil Action File No.: 19-C-03588-S4.  The privilege of renewal has not previously been exercised.  Plaintiff states and alleges the following:

1.

Plaintiff, **VANDRICK PAYNE**, is a resident of Dallas, Georgia; and submits himself to this jurisdiction and venue of this Court

2.

Defendant, **W A TRANSPORT, LLC**, is a for-profit foreign corporation authorized to do and doing business within the State of Georgia, and may be served by issuing a Summons and a second original of this Complaint to its registered agent for service of process, Ali Salah Al Lami whose last known address is 9894 Scioto Darby Road, Suite B5, Hilliard, Ohio 43026.

3.

Defendant, **WHITE TIGER TRANSPORT, LLC,** is a for-profit foreign corporation authorized to do and doing business within the State of Georgia, and may be served by issuing a Summons and a second original of this Complaint to its registered agent for service of process, Arshad Mizo whose last known address is 29241 Van Laan Drive, Warren, Michigan 48092.

4.

Defendant, **NATIONAL INDEMNITY COMPANY,** is a for-profit foreign corporation authorized to do and doing business within the State of Georgia, and may be served by issuing a Summons and a second copy of this Complaint to its registered agent for service of process, Corporation Service Company, RA, 40 Technology Parkway South, Suite 300, Norcross, Georgia 30092.

EXHIBIT A

Copy from re:SearchGA

5.

Defendant, **CANAL INSURANCE COMPANY,** is a for-profit foreign corporation authorized to do and doing business within the State of Georgia, and may be served by issuing a Summons and a second original of this Complaint to its registered agent for service of process, Lindsey Swaim whose last known address is Corporation Service Company, 508 Meeting Street, West Columbia, South Carolina 29169.

6.

Defendant, **ARSHAD MIZO** may be served by issuing a Summons and a second original Complaint for service of process at his last known address is 29241 Van Laan Drive, Warren, Michigan 48092.

### COUNT I – NEGLIGENCE OF DEFENDANTS
### W A TRANSPORT, LLC, WHITE TIGER TRANSPORT, LLC, NATIONAL INDEMNITY COMPANY, CANAL INSURANCE COMPANY, and ARSHAD MIZO

7.

On or about May 26, 2017, Plaintiff, **VANDRICK PAYNE** was driving his vehicle in a prudent and careful manner traveling southbound on Interstate-75, Cobb County, State of Georgia.

8.

At that same time and place, Defendant, **ARSHAD MIZO** was driving a 2011 Freightliner Columbia and was traveling southbound on Interstate-75 when it negligently, recklessly, carelessly, and unlawfully operated said vehicle so as to cause it to collide with the right side of Plaintiff, **VANDRICK PAYNE's** vehicle.

9.

As a result of the collision, Plaintiff **VANDRICK PAYNE**, suffered multiple injuries.

EXHIBIT A

Copy from re:SearchGA

10.

At all relevant times, Defendant, **ARSHAD MIZO** owed certain civil duties to Plaintiff, **VANDRICK PAYNE**. Notwithstanding those duties, Defendant, **ARSHAD MIZO** did violate them in the following particulars:

a. In failing to make reasonable and proper observations while driving the 2011 Freightliner Columbia truck, or if reasonable and proper observations were made, failing to act thereon;

b. Improper lane change in violation of O.C.G.A.§ 40-6-123;

c. Littering the highway in violation of O.C.G.A.§ 40-6-7;

d. In failing to observe or undertake the necessary precautions to keep the 2011 Freightliner Columbia truck in safe driving condition in violation of O.C.G.A.§ 40-6-241;

e. In driving the 2011 Freightliner Columbia truck in a reckless disregard for the safety of persons and/or property in violation of O.C.G.A.§ 40-6-390; and

f. In committing other negligent and reckless acts and omissions as may be shown by the evidence and proven at trial.

11

Defendant, **ARSHAD MIZO's** violations of the aforementioned duties of care constitute negligence *per se.*

As a direct and proximate result of the aforesaid negligence and breaches of duty by Defendant, **ARSHAD MIZO**, Plaintiff **VANDRICK PAYNE** has suffered significant injuries, medical expenses past, present and future, and damages. These damages include emotional distress, personal inconvenience, mental and physical pain and suffering, loss of enjoyment of life, due to the violence of the collision and injuries to the Plaintiff's body and nervous system, plus an

EXHIBIT A

Copy from re:SearchGA

inability to lead a normal life. As a result of the subject collision, Plaintiff, **VANDRICK PAYNE** in excess of $13, 368.90 in past medical expenses.

## COUNT II – NEGLIGENCE OF DEFENDANTS W A TRANSPORT, LLC

Plaintiff realleges and incorporates herein by reference paragraphs 1 through 11 above as if they were fully restated verbatim.

12.

At all relevant times, Defendant, **ARSHAD MIZO** was an employee and agent of Defendant, **W A TRANSPORT, LLC.** Defendant, **ARSHAD MIZO** was driving a 2011 Freightliner Columbia within the course and scope of his employment with Defendant, **W A TRANSPORT, LLC.**

13.

Defendant, **W A TRANSPORT, LLC** is liable for the acts and omissions of Defendant, **ARSHAD MIZO** as Defendant, **W A TRANSPORT, LLC's** agent and employee at the time of the collision-in-suit, under the theory of *respondeat superior*.

14.

Defendant, **W A TRANSPORT, LLC** negligently hired, retained, and supervised Defendant, **ARSHAD MIZO**.

15.

Defendant, **W A TRANSPORT, LLC** negligently entrusted the 2011 Freightliner Columbia tractor trailer to Defendant, **ARSHAD MIZO** when they knew or should have known that its driver was incompetent or unfit to perform the duties given to the driver by the company.

Copy from re:SearchGA

16.

As a direct and proximate result of the aforesaid negligence and breaches of duty by Defendant, **ARSHAD MIZO**, Plaintiff **VANDRICK PAYNE** has suffered significant injuries, medical expenses past, present and future, and damages. These damages include emotional distress, personal inconvenience, mental and physical pain and suffering, loss of enjoyment of life, due to the violence of the collision and injuries to the Plaintiff's body and nervous system, plus an inability to lead a normal life. As a result of the subject collision, Plaintiff, **VANDRICK PAYNE** in excess of $13, 368.90 in past medical expenses.

**COUNT III – NEGLIGENCE OF DEFENDANTS WHITE TIGER TRANSPORT, LLC**

17.

Plaintiff realleges and incorporates herein by reference paragraphs 12 through 16 above as if they were fully restated verbatim.

18.

At all relevant times, Defendant, **ARSHAD MIZO** was an employee and agent of Defendant, **WHITE TIGER TRANSPORT LLC**. Defendant, **ARSHAD MIZO** was driving a 2011 Freightliner Columbia within the course and scope of his employment with Defendant, **WHITE TIGER TRANSPORT LLC**.

19.

Defendant, **WHITE TIGER TRANSPORT LLC** is liable for the acts and omissions of Defendant, **ARSHAD MIZO** as Defendant, **WHITE TIGER TRANSPORT LLC's** agent and employee at the time of the collision-in-suit, under the theory of *respondeat superior*.

EXHIBIT A

Copy from re:SearchGA

20.

Defendant, **WHITE TIGER TRANSPORT LLC** negligently hired, retained, and supervised Defendant, **ARSHAD MIZO.**

21.

Defendant, **WHITE TIGER TRANSPORT LLC** negligently entrusted the 2011 Freightliner Columbia tractor trailer to Defendant, **ARSHAD MIZO** when they knew or should have known that its driver was incompetent or unfit to perform the duties given to the driver by the company.

22.

As a direct and proximate result of the aforesaid negligence and breaches of duty by Defendant, **ARSHAD MIZO**, Plaintiff **VANDRICK PAYNE** has suffered significant injuries, medical expenses past, present and future, and damages. These damages include emotional distress, personal inconvenience, mental and physical pain and suffering, loss of enjoyment of life, due to the violence of the collision and injuries to the Plaintiff **VANDRICK PAYNE's** body and nervous system, plus an inability to lead a normal life. As a result of the subject collision, Plaintiff **VANDRICK PAYNE** has incurred in excess **$13,368.90** in past medical expenses.

**COUNT IV – NEGLIGENCE OF DEFENDANT CANAL INSURANCE COMPANY**

23.

Plaintiff realleges and incorporates herein by reference Paragraphs 17 through 22 above as if they were fully restated verbatim.

EXHIBIT A

Copy from re:SearchGA

24.

At the time of the collision-in-suit, on May 26, 2017, Defendant, **CANAL INSURANCE COMPANY** had issued a policy of liability insurance, Policy Number PIA08266401, naming **WHITE TIGER TRANSPORT LLC** as an insured.

25.

American Family Insurance Policy Number 10X3101501 was in effect on December 15, 2016, and provided coverage for the negligent acts and omissions of Defendants T.B. Transport and/or Defendant Coastal Truck & Equipment.

26.

Defendant, **CANAL INSURANCE COMPANY** Policy Number PIA08266401, was in effect on May 26, 2017, and provides coverage up to **SEVEN HUNDRED FIFTY THOUSAND AND NO/100 ($750,000)** for the negligent acts and omissions of **WHITE TIGER TRANSPORT LLC**.

27.

Defendant, **CANAL INSURANCE COMPANY** is subject to suit by direct action pursuant to the provisions of O.C.G.A. § 40-1-112(c) and under the old statute in place at the time of this incident O.C.G.A. § 46-7-12(c) (2011).

28.

Pursuant to the terms and conditions of its policy of insurance and applicable Georgia law, Defendant, **CANAL INSURANCE COMPANY** is liable to Plaintiff, **VANDRICK PAYNE**, and responsible for payment of damages incurred by and occasioned upon the Plaintiff **VANDRICK**

**PAYNE** as a result of the negligent acts and omissions of Defendants, **ARSHAD MIZO** and **WHITE TIGER TRANSPORT LLC**.

**WHEREFORE,** Plaintiff respectfully prays and demands as follows:

a. That Processes and Summons issue, as provided by law, requiring Defendants, **W A TRANSPORT, LLC, WHITE TIGER TRANSPORT, LLC, NATIONAL INDEMNITY COMPANY, CANAL INSURANCE COMPANY, and ARSHAD MIZO** to appear and answer Plaintiff, **VANDRICK PAYNE's** Complaint;

b. That service be had upon Defendants as provided by law;

c. That Plaintiff, **VANDRICK PAYNE** have and recover general damages from the Defendants, **W A TRANSPORT, LLC, WHITE TIGER TRANSPORT, LLC, NATIONAL INDEMNITY COMPANY, CANAL INSURANCE COMPANY, and ARSHAD MIZO,** as the jury deems is liable to the Plaintiff, **VANDRICK PAYNE** and in such an amount as the jury deems just and appropriate to fully and completely compensate Plaintiff, **VANDRICK PAYNE** for all of her injuries and pain and suffering, mental, physical and emotional, past, present and future;

d. That Plaintiff, **VANDRICK PAYNE** have and recover from Defendants, **W A TRANSPORT, LLC, WHITE TIGER TRANSPORT, LLC, NATIONAL INDEMNITY COMPANY, CANAL INSURANCE COMPANY, and ARSHAD MIZO** special damages for past and future medical expenses and loss of income in the past and future in such an amount as shall be proven at trial;

e. That this matter be tried by a jury;

EXHIBIT A

Copy from re:SearchGA

f.    That all costs be cast against the Defendants, **W A TRANSPORT, LLC, WHITE TIGER TRANSPORT, LLC, NATIONAL INDEMNITY COMPANY, CANAL INSURANCE COMPANY, and ARSHAD MIZO**; and

g.    For such other and further relief as this Court deems just and appropriate.

This 30th day of August 2021.

Respectfully Submitted,

/s/ Michael F. Williford
Michael F. Williford
Georgia Bar No. 243434
Attorney for Plaintiff

**MORGAN & MORGAN ATLANTA PLLC**
191 Peachtree Street, N.E., Suite 4200
Atlanta, Georgia 30303
Telephone: (404) 965-8811
Facsimile: (404) 965-8812
Email: mwilliford@forthepeople.com
Email: lhoward@forthepeople.com (Paralegal)

**EXHIBIT A**

Copy from re:SearchGA